**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RALPH ALVARADO, ID # 1540596,** | ) | |
|        **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:10-CV-1145-B-BH** |
| | ) | |
| **U.S. OF TEXAS GOVERNMENT** | ) | |
| **STATUS S.S.I.,** | ) | |
|        **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred for screening. Before the Court is Plaintiff's *Application to Proceed In Forma Pauperis*, received June 9, 2010, (doc. 2). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless Plaintiff timely pays the requisite filing fee.

**I.  THREE STRIKES**

Plaintiff, an inmate in the Texas prison system, filed this civil action to obtain "Government S.S.I." He seeks to proceed *in forma pauperis*.

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has had

at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Alvarado v. W. Dist. Tex. Pacer Electronic Filing Sys.*, No. SA-10-CA-282-FB, unpub. order at *1-2 (W.D. Tex. May 10, 2010) (identifying three strikes, denying *in forma pauperis* status, and dismissing action as barred by § 1915(g)).  Consequently, Plaintiff may not proceed with this action without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury.  Because he has not made this showing, he may not proceed with this action without prepayment of fees under § 1915(g).

## II.  RECOMMENDATION

Plaintiff's *Application to Proceed In Forma Pauperis*, received June 9, 2010, (doc. 2) should be **DENIED**, and this action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the District Court.

**SIGNED this 10th day of June, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE